GEORGE THOMPSON V. HERBERT H. GAFFEY.

FILED SEPTEMBER 22, 1897.    No. 7393.

1. Contracts: BREACH: REMEDIES: DAMAGES. Where one party to an express contract is wrongfully prevented by the other party from completing, he may sue upon the contract for a breach thereof, and the measure of his damages will be the value of the part performed as measured by the contract price plus the profits, if any, which would have accrued to him had he completed the contract according to its terms; or he may ignore the contract and declare upon a *quantum meruit* or *quantum valebat*, in which case the measure of his damages will be the fair and reasonable value of what he has done.

2. Evidence: VALUE OF PLUMBING. In a suit by a plumber to recover the fair and reasonable value of certain plumbing material furnished by him to the defendant at a certain time and place, the price which other plumbers at such place and time charged for such material as that sued for is, standing alone, irrelevant.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.    *Reversed.*

*Lamb, Adams & Scott,* for plaintiff in error.

*McNerney & Altschuler, contra.*

RAGAN, C.

Herbert H. Gaffey brought this suit in the district court of Lancaster county against George Thompson and alleged in his petition that he had performed certain labor and furnished certain plumbing material to Thompson at his special instance and request; that the fair and reasonable value of such labor and material was $115, for which sum he prayed judgment. Thompson, after interposing a general denial to this petition, answered that the labor and material for which Gaffey sued were furnished in pursuance of an express contract between the parties in and by which Gaffey agreed to furnish the material and do the plumbing work for $160; that he partly performed the contract, but that the material fur-

nished by him was of an inferior quality and the labor performed unskillfully done, contrary to the terms of the contract; that in doing what he did do Gaffey perpetrated injuries to his, Thompson's, house to the extent of $200 and that before the work was completed Thompson abandoned the job and refused to complete it, and Thompson prayed judgment on his counter-claim for $200 damages. Gaffey in his reply admitted that the labor and material had been furnished in pursuance of the contract pleaded by Thompson, alleged that he abandoned the work undertaken before its completion because he was prevented from completing the work by the wrongful acts of Thompson, and denied the other allegations in the answer. Gaffey had a verdict and judgment and Thompson prosecutes here a petition in error.

1. The finding of the jury in favor of Gaffey includes a finding that he was wrongfully prevented by Thompson from completing the contract. On the trial the district court instructed the jury as follows: "If you find from the evidence that the plaintiff performed his part of the contract * * * and stood ready to further perform his part of the contract and * * * was prevented from further prosecution of the work by the acts of the defendant, then the plaintiff will be entitled to recover from the defendant the fair and reasonable value of the work and material already furnished by him regardless of the contract." Thompson insists that the giving of this instruction was error, as it prescribed an improper rule for the measure of Gaffey's damages. It is insisted by the plaintiff in error that, since it stands admitted in the pleadings and established beyond controversy on the trial, that the labor and material sued for by Gaffey were furnished by him in pursuance of an express contract with Thompson, if Gaffey was prevented from completing his contract by the wrongful acts of Thompson, then Gaffey's measure of damages is such proportion of the entire contract price as the part performed is of the entire contract plus the profits, if any, which Gaffey

would have realized by completing the contract according to its terms. If Gaffey had relied upon the contract between him and Thompson, and based his action on that contract, then doubtless the rule contended for by the plaintiff in error for the measure of damages would have been the correct one. (*Hale v. Hess*, 30 Neb., 42; *Von Dorn v. Mengedoht*, 41 Neb., 525; *Jewett v. Wilmot*, 51 Neb., 700.) But Gaffey has not based his action upon the contract between him and Thompson. He has abandoned or ignored this contract and elected, because of Thompson's wrongful refusal to permit him to perform it, to sue for the fair and reasonable value of the labor and material furnished Thompson. This we think he had the right to do. Where one party to an express contract is wrongfully prevented by the other party from completing, he may sue upon the contract for a breach thereof, in which case the measure of his damages will be the value of the part performed as measured by the contract price plus the profits which would have accrued to him had he completed the contract according to its terms; or he may ignore the contract and declare on a *quantum meruit* or *quantum valebat*, in which case his measure of damages will be the fair and reasonable value of what he has done. We are all of opinion that the measure of damages laid down by the district court in the instruction complained of was correct.

2. On the trial a witness in behalf of Gaffey was asked on direct examination the following questions:

"1. Where in January, 1893, a charge of $3.85 was made for 95 feet of ⅜ inch gas pipe, was that the ordinary charge for that kind of material at that time among plumbers in the city? [of Lincoln].

"2. You may examine these items, Mr. Hooker, and say after examination whether they were fair and reasonable charges in that trade [plumbing] at the dates given there, January 20 and 23, during the month of January, 1893.

"3. You may now state whether the charges contained in this charge book, copies of which you have seen,—the

different exhibits,—whether the charges were fair and reasonable charges, the ordinary charges among plumbers and gasfitters in the plumbing and gasfitting trade for such material and services in January, 1893."

All these questions were objected to by the defendant below. The objections were overruled and the witness answered in substance that the charges made by Gaffey and sued for were the ordinary charges and prices for the material among plumbers in the city of Lincoln at the time the material was furnished. The ruling of the court in permitting these questions to be answered is the second assignment of error which we notice. We think the admission of this evidence was prejudicially erroneous.

The plaintiff below alleged that the labor and material furnished by him to Thompson was of the fair and reasonable value of so many dollars and he could not establish this allegation of his petition solely by showing what other plumbers in the city of Lincoln ordinarily charged for such material. The ordinary prices charged by the plumbers and gas-fitters in the city of Lincoln for such material as that furnished by Gaffey to Thompson was incompetent evidence to prove the allegation in the petition. The fair and reasonable value of the plumbing material furnished by Gaffey may have been a very different thing from the prices charged by the plumbers in the city of Lincoln for such material. The pleadings and the proof must agree, and without showing that the charges made for plumbing material by the gas-fitters of the city of Lincoln were fair and reasonable charges, then the evidence as to the charges made by the gas-fitters for material did not prove that the charges made for the material by Gaffey were the fair and reasonable ones. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

HARRISON, J., not sitting.