ELBERT P. SMITH, APPELLEE, V. WILLIAM R. LOHR, AP-
PELLANT.

FILED JUNE 3, 1916.   No. 18866.

Contracts: BREACH: REMEDIES. On refusal to perform a contract for
the exchange of properties, the injured party may, at his election,
treat the contract as terminated and sue for the value of the
property he has delivered to the defaulting party.

APPEAL from the district court for Custer county: BRUNO
O. HOSTETLER, Judge. *Affirmed.*

*Sullivan, Squires & Johnson,* for appellant.

*C. L. Gutterson* and *Frank Kelley, contra.*

MORRISSEY, C. J.

Plaintiff was the owner of an undivided one-half inter-
est in a merry-go-round, and defendant was the owner of
a small house and lot in the village of Merna.   They
entered into an oral agreement under the terms of which
plaintiff was to transfer his interest in the merry-go-round
to the defendant, pay him $100 in cash and give him a
note and mortgage for $300, and defendant was to con-
vey the house and lot to plaintiff.

Plaintiff alleges that he delivered the merry-go-round
to defendant, who took the same into his possession and
operated it for two or three weeks, and that plaintiff took
immediate possession of the house and lot; that he ten-
dered $100 to defendant, and was ready and willing to ex-
ecute the note and mortgage, and demanded a deed to the
house and lot from defendant, but that defendant failed
to execute and deliver the deed; that defendant had not
returned the merry-go-round, but, on the contrary, had
disposed of the same, and prayed judgment for $800, which
he alleged to be the value of his interest in the merry-
go-round.

The answer contains the usual formal admissions, with a general denial of the allegations not admitted, followed by the allegations that the merry-go-round was out of repair; that after an inspection he determined not to proceed further with the deal; followed by the specific allegation that defendant never took possession of the property; a denial that plaintiff ever took possession of the real estate, paid the $100 in cash, or executed and delivered the note and mortgage; and pleaded affirmatively that, in due season, defendant had notified plaintiff that he would not make the exchange of property.

The reply was a denial of all new matter set out in the answer. There was a verdict and judgment for the plaintiff for $286, and defendant has appealed.

There are two assignments of error. The first, that the court erred in giving instruction No. 8, which is as follows:

"You are instructed that, if from the evidence and instructions of the court you·find for the plaintiff that the trade was agreed upon, and that defendant accepted and took possession of the merry-go-round, then you will find for the plaintiff and assess the amount of his recovery at one-half the fair reasonable market value of the swing at the time of the trade, if you believe a trade was agreed upon, with 7 per cent. interest from June 6, 1913."

First, it is complained that this instruction takes from the jury the question of whether Lohr had appropriated the merry-go-round to his own use. It is said that the answer in legal effect denies that he converted the merry-go-round, and that whether he had taken possession was an issue for the jury to determine, and that this instruction took this question away from the jury. This is a rather technical refinement. The testimony shows that at the time the negotiations were had the merry-go-round was at the town of Stapleton; that defendant, in company with the owner of the other one-half interest, took it out of its place of storage, set it up, operated it for two or three weeks, and retained the proceeds. It is neither alleged

nor shown that it was returned to the plaintiff. It being shown without question or dispute that defendant had gone thus far in taking it into his possession, and no attempt being made to show that he had returned the property to plaintiff, the jury could not have been misled by this instruction on the question of possession.

It is next said that the instruction lays down an erroneous rule as to the measure of damages. It will be noted that by this instruction the jury are left to ascertain the value of plaintiff's interest in the merry-go-round at the time it was taken over by defendant, and assess the damages accordingly. The point sought to be made is that plaintiff has not pleaded a rescission of the contract, and therefore cannot recover the value of the property parted with.

"On breach of contract the injured party has his choice of three remedies in a proper case. He may sue on the contract for the damages he has sustained by reason of the breach; or he may consider the contract terminated by the breach and sue on the *quantum meruit* under an implied contract and recover for his services and the amount expended by him on the contract; or he may have recourse to equity and compel a specific performance of the contract, notwithstanding the breach." 3 Elliott, Contracts, sec. 2095.

In *Thompson v. Gaffey*, 52 Neb. 317, it is said: "Where one party to an express contract is wrongfully prevented by the other party from completing, he may sue upon the contract for a breach thereof, and the measure of his damages will be the value of the part performed as measured by the contract price plus the profits, if any, which would have accrued to him had he completed the contract according to its terms; or he may ignore the contract and declare upon a *quantum meruit* or *quantum valebat,* in which case the measure of his damages will be the fair and reasonable value of what he has done."

The only other assignment relates to the sufficiency of the evidence to support the verdict. The proof is conclu-

sive as to defendant having helped to set up the merry-go-round, helped to operate it for two or three weeks, he selling tickets and receiving the money the greater part of the time, and that he has never returned it to plaintiff. Defendant offered no proof as to the value. There is no dispute on that question, and, indeed, the proof would sustain a verdict for a greater amount.

Judgment is

AFFIRMED.