### CALVIN A. KREAMER ·V. ALFRED IRWIN.

#### FILED JANUARY 21, 1896. No. 5961.

1. **Breach of Contract:** DAMAGES. In a suit by a contractor against his contractee for damages for the latter's failure to permit him to perform the work contracted to be done, the contractor's measure of damages is the profit he would have made on the contract had he performed it.

2. **Trial:** ABSENCE OF WITNESSES: PRACTICE. A litigant whose witnesses are absent when his case is called for trial, and who makes no objection then to the trial proceeding on that account, cannot be heard to complain in his motion for a new trial that he was prejudiced by the trial taking place when his witnesses were absent.

3. **Damages:** EVIDENCE. The evidence examined and *held* to sustain the verdict of the jury.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Pound & Burr*, for plaintiff in error.

*Davis & Hibner, contra.*

RAGAN, C.

In the district court of Lancaster county, Calvin A.
Kreamer süed Alfred Irwin, alleging in his petition that
in April, 1889, a contract was entered into between the
parties in and by which Kreamer agreed to furnish the
labor, materials, and tools, and raise and level the floor of
a store building belonging to Irwin, for all of which labor
and material the latter was to pay Kreamer the sum of
$100; that in pursuance of this contract he made prepara-
tions to do the work at great expense, hired help, and
moved his materials and tools on the ground, and refused
other work in order to perform his contract; that Irwin
refused to permit him to carry out his contract, to his dam-
age in the sum of $65. The answer was a general denial.
There was a trial to a jury and a verdict for Irwin, upon
which judgment was rendered, dismissing Kreamer's ac-
tion, to reverse which he prosecutes to this court a petition
in error.

1. It is first insisted that the verdict of the jury is not
supported by sufficient evidence. On the contrary we think
it is. Assuming that the contract was made between
Kreamer and Irwin as the former contends; that Kreamer
was at all times ready and willing to perform the contract;
made preparations at an expense to himself, and that Irwin
refused to permit him to perform his contract, the measure
of Kreamer's damages would be the difference between the
contract price of the work and what it was reasonably
worth to perform it in accordance with the contract. In
other words, the measure of Kreamer's damages would have
been his profits on the contract had he performed it. Now
if there is any evidence in the bill of exceptions in this
case which shows or tends to show what it would have cost

Kreamer to do the work as agreed, what it was reasonably worth to do the work according to the contract, what his profits would have been had he performed the contract, we have failed to find it. If Kreamer had established the making of the contract, pleaded his readiness, willingness, and ability to perform it, and that Irwin refused to permit him to carry it out, then, notwithstanding he failed to show that he had suffered any damages, doubtless he would have been entitled to recover nominal damages. But the jury has also found by its verdict that the contract pleaded by Kreamer was never made, and while this evidence is conflicting it supports the finding of the jury. The evidence tends to show that Kreamer made a proposition to Irwin to do the work for one hundred dollars, but it also tends to show that Irwin did not accept this proposition, and the jury may have concluded that the proposition made by Kreamer to Irwin was never accepted by the latter. If it did so, its conclusion is supported by the evidence.

2. It is next assigned as error that the court erred in compelling Kreamer to go to trial in the absence of material witnesses. If Kreamer made any application for the postponement of the trial in this case or its continuance at any time on account of the absence of witnesses, the record does not disclose it. Kreamer's complaint that he was compelled to go to trial in the absence of material witnesses appears in the record for the first time when he filed his motion for a new trial. When his case was called for trial, if he was not ready on account of the absence of witnesses whose testimony was material for him, he should have applied to the court then and there for the postponement of the trial on that account. A litigant whose witnesses are absent when his case is called for trial, and who makes no objection then to the trial proceeding on that account, cannot afterwards be heard to complain in his motion for a new trial that he was prejudiced by the trial taking place when his witnesses were absent.

There is no error in the record and the judgment of the district court is

AFFIRMED.