## GEORGE H. JEWETT V. CLAYTON P. WILMOT.

FILED JUNE 3, 1897. No. 7169.

1. **Breach of Contract of Employment: MEASURE OF DAMAGES.** The measure of damage upon the refusal of an employer to permit his employe to proceed under a contract for specific work at an agreed price is the difference, if any, in favor of the latter between the stipulated price and the cost of completing the work as per contract.

2. ———: ———: **EVIDENCE.** Evidence examined, and *held* not to sustain a judgment for substantial damages.

ERROR from the district court of Thurston county. Tried below before NORRIS, J. *Reversed.*

*R. G. Strong, W. S. Cook,* and *J. E. Frick,* for plaintiff in error.

*Guy T. Graves* and *Jay & Beck, contra.*

POST, C. J.

This was an action in the district court for Thurston county for the breach of a certain contract, which is thus described in the petition below: "That on or about the 3d day of August, 1893, plaintiff entered into a verbal

contract with defendant to do all of the mason work necessary to complete the plastering of three certain brick buildings built by said defendant during the year 1893 at the Winnebago Agency, in Thurston county, and known as the school building, school dormitory, and laundry; that said work was to be three-coat work, and done in a good workmanlike manner, for which defendant agreed to pay plaintiff the sum of eight cents per square yard." It is therein further alleged that the defendant subsequently employed other parties to do the work described, thus violating his agreement with the plaintiff to the damage of the latter, for which he prays judgment in the sum of $400. The answer is a general denial. There was a trial of the issues thus joined, resulting in a verdict for the plaintiff below in the sum of $200. Upon the hearing of a motion for a new trial the plaintiff, in accordance with the order of the court, remitted the sum of $150, whereupon said motion was overruled and judgment entered against the defendant in the sum of $50, from which the latter prosecutes error to this court.

The ground upon which the recovery was permitted by the district court is not apparent from an inspection of the record. The jury were correctly advised that the measure of damage for the alleged breach of contract would be the difference, if any, in favor of the plaintiff, between the stipulated price and the cost of completing the work in question. The plaintiff was, according to the allegations of his petition, required to complete the plastering of the several buildings at the rate of eight cents per yard. Two witnesses were introduced by him, one of whom testified that the work described in the petition was worth ten cents, and the other that it was worth twelve and one-half cents per yard. The only other evidence touching the cost of the work was the testimony of the plaintiff himself, who figured a small probable profit on the venture upon the assumption that he would personally have done the work. To reach that result he

multiplied the number of yards of plastering by the price per yard, and from the product given deducted his probable expense for board and lodging and wages of an assistant, etc., but without making any deduction on account of his own time and labor. It should, in this connection, be observed that the reasons which induced the district court to order the remittitur above mentioned are not disclosed; nor are such reasons material for the purpose of this investigation, since the judgment for $50 can be sustained only by resort to the plaintiff's method of computation and by excluding from the probable cost of the work the value of his own time and labor. It was, however, as we infer, contended in his behalf that labor performed by a contractor personally upon the work in hand should not in such case be reckoned as an element of the cost thereof, and which presents the only question for consideration at this time.

There is, in principle, as well as on authority, a wide distinction between contracts for personal service and for the doing of specific acts. In the former case, unless the plaintiff, who has been discharged without sufficient cause, is able to secure other employment, the contract price furnishes the exact measure of his damage. In the latter class of cases the measure of damage upon the violation of the agreement by the employer is that asserted by the district court, viz., the plaintiff's probable profit,—in other words, the difference, if any, in his favor between the contract price and the sum it would have cost to complete the work. (Field, Damages, sec. 339; *United States v. Speed*, 8 Wall. [U. S.], 77; *Watson v. Gray's Harbor Brick Co.*, 28 Pac. Rep. [Wash.], 527; *Nilson v. Morse*, 52 Wis., 240; *Nash v. Howie*, 59 Wis., 384; *Corbett v. Anderson*, 54 N. W. Rep. [Wis.], 727; *Glaspie v. Glassow*, 28 Minn., 158; *Atkinson v. Morse*, 63 Mich., 276; *Scheible v. Klein*, 50 N. W. Rep. [Mich.], 857.) There is in this class of agreements no element of personal trust. The employe may, unless restricted by the terms of his contract, carry on the specified work in person or by his servants,

or may sublet to a stranger, being responsible for the completion thereof according to the terms of his undertaking. The cost of completing the work in such case is the sum total of the several elements thereof, including the value of the labor required, and any analysis of such cost which excludes the value of the labor, whether performed by the employe himself or another, is necessarily incomplete. It is sufficient without further elaboration that the evidence by no possible construction can be held to sustain a finding of substantial damage in favor of the plaintiff below. The judgment is, therefore, reversed and the cause remanded.

REVERSED.