## HICKOK v. W. E. ADAMS CO.

1. Rev. Civ. Code 1903, § 2293, provides that for the breach of a contract the measure of damages is the amount which will compensate the party aggrieved for detriment proximately caused thereby, or which in the course of things would be likely to result therefrom. A contract be-

tween plaintiff and defendant required plaintiff to furnish all labor necessary to put in a heating plant, the materials to be furnished by defendant on or about a specified date. The materials were not furnished until some time thereafter, and plaintiff sued for damages because of the delay. Held, that the measure of plaintiff's damages was any increase in the cost of putting in the plant at the time when it was put in above that at the time when it would have been put in if the materials had been furnished as required, and not the reasonable value of plaintiff's personal services during the period of the delay.

2. Under the express provisions of Rev. Civ. Code 1903, § 2329, a party may not recover a greater amount in damages for the breach of a contract than he would have gained by the full performance thereof on both sides.

(Opinion filed April 5, 1904 )

Appeal from circuit court, Lawrence county; Hon. JOSEPH B. MOORE, Judge.

Action by Herbert D. Hickok against the W. E. Adams Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*McLaughlin & McLaughlin*, for appellant.

The measure of damages where an employer refuses to permit an employee to proceed under a contract for specific work at an agreed price, or delays him in the work, is the difference, if any, in favor of the employee, between the stipulated price and the cost of completing the work as per contract, including in such case the value of the employee's own labor, or, the difference in the cost of completing the work at the time it should have been completed and the cost at the time it actually was completed. Jewett v. Wilmot, 71 N. W. 775; U. S. v. Speed, 8 Wall 77; U. S. v. Rehan, 110 U. S. 338; S. C., 4 Sup. Ct. 82; Watson v. Brick Co., 28 Pac. 527; Nilson v. Morse, 52 Wis. 240; Mash v. Hoxie, 59 Wis. 384; S. C., 18 N.

W. 498; Corbett v. Anderson, 54 N. W. 727; Baltimore R. R.
Co. v. Stewart, 29 Atl. 964; Hutt v. Hickey, 29 Atl. 456; Glaspie
v. Glassow, 28 Minn. 158; Silbertstein v. Duluth Co., 71 N. W.
622; Atkinson v. Morse, 63 Mich. 276; Scheible v. Klein, 50
N. W. 857; Baker Co. v. Merchants Co., 42 N. Y. S. 76; O'Con-
nell v. Hotel Co., 90 Cal. 515.

No brief on file for respondent.

. Haney, J.    The parties to this action entered into a writ-
ten contract whereby the plaintiff was to furnish all labor nec-
essary, and to complete, in a good and workman-like manner,
the entire steam-heating plant of defendant's new building in
Deadwood, on or before July 15, 1899; defendant was to pro-
vide Wilks heater, hot-water tank, steam boiler, smokestack,
and setting of boiler; all other material was to be furnished by
the plaintiff, and boiler set ready for connections by July 1st.
It was expressly stipulated that if the plaintiff failed to com-
ply with the conditions of the contract the defendant should
have the right to employ men, procure material, and complete
the job at the plaintiff's expense; that the plaintiff should for-
feit $5 for each day that the contract remained incomplete after
the date above specified; and that any delay in the completion
of the contract, caused by the act or negligence of the defend-
ant in not having the boiler, Wilks heater, and tank ready
when wanted, should be compensated for at the same rate per
day, after the date set for the completion of the job.    Plaintiff
alleges that the defendant failed to have the boiler set and
ready for connections until October 5th, and thereby delayed
the plaintiff in completing his contract until October 18th;
that, if defendant had complied with the contract

on its part, the plaintiff would have completed the contract on or before July 15th, "but by reason of the failure of the defendant to comply with the provisions of said contract on its part, as before alleged, the plaintiff lost and was delayed for the period of 95 days, through no fault on his part, and that during all of said time the plaintiff was prevented from taking other work, as he was compelled to hold himself in readiness to complete his work for defendant when the work of defendant required by the terms of said contract should be completed by it; and that the reasonable value of plaintiff's services during the time he was delayed by the wrongful act of the defendant is $475," in which sum he has been damaged. Defendant admits making the contract, admits it did not have the boiler ready for connections on July 1st, but alleges that it was ready on September 30th, and that the plaintiff failed and neglected from October 14th to December 8th to complete the contract, whereby defendant was damaged in the sum of $500. This alleged delay on the part of the plaintiff is denied in the reply. The jury returned a verdict for the plaintiff against the defendant for $205. Judgment was entered accordingly, and defendant appealed therefrom, and from an order denying its application for a new trial.

Upon the trial the plaintiff, sustaining the allegation of damages in his complaint, confined himself solely to the number of days lost by him between July 1st and October 18th, and testified that the value of his services during that time was $5 per day. No evidence was introduced tending to show any difference in the cost of completing the contract in October over what it would have been in July. At the close of the case the defendant moved the court to instruct the jury to return a

18 S. D.—2

verdict for the defendant, for the reason that there was no evidence whatever showing or tending to show any damage or loss on the part of the plaintiff in this action by reason of the failure to have the boiler set on July 1st, and that none of the evidence introduced by the plaintiff tends to establish the proper measure of damages in this case, which is the difference, if any, in favor of the contractor between the stipulated price and the cost of completing the work at the time the boilers were finally set.. This motion was denied, to which ruling the defendant excepted. It is conceded that there was delay caused by defendant's failure to comply with the contract on its part. Having introduced testimony as to the value of his services, plaintiff evidently did not rely on the forfeiture provided for in the contract, and the question arises, what is the proper measure of damages in such a case? There being no express provision of statute defining the detriment caused by the breach of such a contract, the proper measure of damages is the amount which will compensate the plaintiff for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. Rev. Civ. Code 1903, § 2293. There is in principle, as well as on authority, a substantial distinction between contracts for personal service and those for the doing of specific acts. Jewett v. Wilmot (Neb.), 71 N. W. 775. The case at bar clearly belongs to the latter class. The plaintiff was not employed to perform personal services; he was not required to give personal attention to the work; it was enough if he caused the work to be done in a good and workman-like manner; therefore during the period of delay, nothing in the contract prevented him from following his usual vocation; and, unless the labor and ma-

terial which he furnished cost more in October than it would have cost in July, we are unable to discover in what respect he was injured. Generally the measure of damages, upon the refusal of an employer to permit his employe to proceed under a contract for specific work at an agreed price, is the difference, if any, in favor of the latter, between the stipulated price and the cost of completing the work as per contract. Jewett v. Wilmot, supra; Nilson v. Morse, 52 Wis. 240, 9 N. W. 1; Watson v. Gray's Harbor Brick Co. (Wash.), 28 Pac. 527. Where the employe is prevented by the fault of the employer from completing the work at the agreed time, substantially the same rule should govern the measure of damages. In other words, the former should be allowed to recover the difference, if any, in his favor, between the cost of doing the work when it should have been and when it was done, such difference being all the detriment which in the ordinary course of things would be likely to result from the delay, or be proximately caused thereby. Clearly, the reasonable value of the plaintiff's personal services during the period of delay affords no criterion for determining the extent of compensation to which he is entitled. The labor and material furnished may have been cheaper in October than in July; if so, plaintiff was benefitted by the delay; and if he is allowed the reasonable value of his services during the delay, he will recover a greater amount in damages for the breach of the contract than he could have gained by the full performance thereof on both sides, which is expressly forbidden by the statute (Rev. Civ. Code 1903, § 2329), and contrary to the dictates of sound reason.

The judgment and order appealed from are reversed.