# E. T. TURNER v. JULIUS AFFELDT.

(158 N. W. 263.)

**Contract — breach of — damages — action to recover — consideration — material and labor — heating plant — measure of damages — stipulated price — cost of performance.**

In an action to recover damages for the breach, by defendant, of a contract by which plaintiff, for a stated consideration, was to furnish the material and labor necessary for the installation of a heating plant and certain plumbing in defendant's residence, the measure of damages is the excess, if any, of the stipulated price over the cost to plaintiff of performing the contract on his part.

Opinion filed May 20, 1916.

Appeal from County Court, Wells County; *Fred Jansonius,* J.
From a judgment in plaintiff's favor, defendant appeals.
Reversed.

*Maddux & Rinker,* for appellant.

The complaint fails to state facts sufficient to constitute a cause of action. Plaintiff cannot recover for loss or destruction of the materials he had provided. His damages are limited to the profit he would have made had the contract been completed. Hayes v. Cooley, 13 N. D. 204, 100 N. W. 250; Code, 7146, and cases cited; Davis v. Tubbs, 7 S. D. 488, 64 N. W. 534; Hickok v. Adams Co. 18 S. D. 14, 99 N. W. 77; Jewett v. Wilmot, 51 Neb. 700, 71 N. W. 775; Bates v. Diamond Crystal Salt Co. 36 Neb. 900, 55 N. W. 258; Cargill v. Thompson, 57 Minn. 534, 59 N. W. 638.

Instructions must be considered as a whole. Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; McBride v. Wallace, 17 N. D. 495, 117 N. W. 857.

Appeal must be determined on the sufficiency of the complaint. Krug v. Kautz, 21 S. D. 461, 113 N. W. 623; H. C. Behrens Lumber Co. v. Lager, 25 S. D. 139, 125 N. W. 574.

No appearance or brief by respondent.

Fisk, Ch. J. This is an appeal from a judgment of the county court of Wells county. The case was tried to a jury and a verdict returned in

plaintiff's favor for damages in the sum of $250, upon which judgment was entered, and from which this appeal is prosecuted.

The facts, briefly stated, are substantially as follows: Plaintiff seeks to recover damages from the defendant for the breach of an alleged agreement, dated April 14, 1914, whereby the latter, for a consideration named, engaged plaintiff to install a heat and water plant in defendant's residence, pursuant to which contract plaintiff claims to have ordered, and caused to be shipped from Minneapolis, the materials and supplies necessary to install such plant, to the railway station nearest defendant's residence, the invoice for same being dated May 29, 1914. Defendant refused to permit plaintiff to install such plant, claiming that the alleged contract was secured through fraud, by writing the alleged contract above defendant's signature without his knowledge or consent, and that he signed the contract in blank at plaintiff's request upon being assured by plaintiff that his signature was to be used only for the purpose of securing a list of persons who were in the market for heating plants. A formal notice by letter, dated May 28th, of his repudiation of the contract was mailed to plaintiff in Fessenden.

Upon the trial in the court below plaintiff offered no evidence showing a loss of profits suffered by him by being deprived of the right of installing the plant as per the alleged contract, he being content to allege and prove upon the trial, over the objections of defendant, that plaintiff incurred a loss of a stated amount by thereafter using the material or most of it in installing a plant for one Ole Bakken. Defendant objected to the introduction of any evidence under the complaint, upon the ground that it fails to state facts sufficient to constitute a cause of action, which objection was overruled. He also moved to strike out the evidence at the close of plaintiff's case relative to the cost of securing a new contract and the installing of the plant elsewhere, which motion was also overruled, and at the close of the entire testimony he moved for a directed verdict, which motion was likewise overruled. Appellant complains of these rulings and also of certain instructions relative to the measure of damages. The specifications of error in the main relate in their final analysis to the question of the proper measure of damages arising from defendant's breach of the contract. Plaintiff was permitted, over defendant's objection, to show that he installed the plant for Bakken at a certain sum much less than the consideration

which he claimed the defendant agreed to pay him. This, for reasons hereafter stated, constituted prejudicial error necessitating a new trial.

No proof whatever was offered by plaintiff to establish the value to him of the alleged contract with defendant, had it been fulfilled. In other words, it is nowhere made to appear that the plaintiff would have made a profit had he installed the plant pursuant to contract. In so far as the evidence discloses he might have suffered a loss instead of a profit by fulfilling such contract. Manifestly the damages sought to be recovered by plaintiff for the breach by defendant cannot be properly stated to have been in the contemplation of the parties at the time the contract was entered into. Plaintiff was entitled to the benefit of his bargain,—nothing more,—and in order to recover he must establish what, if anything, such bargain was worth to him. It was therefore incumbent upon him to prove what sum the labor and materials necessary for the installment of the plant would reasonably cost him at or about the time the plant was to be installed, and his damage would be the excess, if any, of the contract price above such sum. Sedgw. Damages, 9th ed. § 614, and numerous cases cited, including Peck-Hammond Co. v. Heifner, 136 Ala. 473, 96 Am. St. Rep. 36, 33 So. 807; Swanson v. Andrus, 83 Minn. 505, 86 N. W. 465; Kreamer v. Irwin, 46 Neb. 827, 65 N. W. 885. See also Jewett v. Wilmot, 51 Neb. 700, 71 N. W. 775; Harness v. Kentucky Flour Spar Co. 149 Ky. 65, 147 S. W. 934, Ann. Cas. 1914A, 803 and cases cited. See also 8 R. C. L. pages 454, 501, 504, and especially 511, as to the manner of determining the amount of profit and extent of recovery.

The above rule is too firmly settled to require further discussion.

In view of another trial we deem it proper to state that the ruling holding that the complaint states a cause of action, and also the ruling denying defendant's motions for a directed verdict, were technically correct, for the reason that such complaint and the evidence introduced thereunder disclose a contract and its breach by defendant. Hence a cause of action was alleged, and plaintiff was entitled to recover nominal damages in the absence of proof of his actual loss under the proper measure of damages.

The judgment appealed from is reversed and the cause remanded for further proceedings according to law.