JOHN W. SINNETT AND RONALD E. SINNETT, PARTNERS
DOING BUSINESS AS SINNETT BROTHERS CO., APPELLANTS, V.
DIAL CONSTRUCTION COMPANY, A CORPORATION, APPELLEE.
188 N. W. 2d 681

Filed July 2, 1971. No. 37882.

Charles Ledwith and Harry Holloway, III, for appellants.

Warren S. Zweiback and Mark L. Laughlin of Monsky, Grodinsky, Cohen, Garfinkle & Zweiback, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action for breach of contract brought by Sinnett Brothers Co., a partnership, against Dial Construction Company. The trial court dismissed the action at the close of the plaintiff's evidence. The plaintiff appeals.

The evidence shows that on October 5, 1968, the plaintiff and the defendant entered into a contract for the cleaning of apartments that had been constructed by the defendant in Omaha, Nebraska. A written memorandum of the agreement, signed by the parties, provided that it was an "Agreement for complete clean up (ready to move in status) of the new 1 and 2 bedroom apartments at Wentworth and Royal Terrace." The agreement then provided that the plaintiff was to furnish labor only,

described the work to be done, and prescribed the price for the labor.

The plaintiff cleaned 25 apartment units in the Wentworth complex and was paid in full for its work. Apparently, some controversy developed over whether the work was satisfactory. On February 18, 1969, John W. Sinnett, one of the partners, talked with Lewis E. Roberts, one of the defendant's officers, and inquired as to when the additional new apartments would be ready for cleaning. Roberts told Sinnett that the plaintiff would not be allowed to clean the new apartments. The plaintiff then commenced this action to recover the amount that would be due for cleaning an additional 165 apartment units.

The controversy is whether the parties contracted with respect to all apartments that might be constructed at the Wentworth and Royal Terrace sites or only as to apartments that had been completed but not occupied on the date the contract was made. The question cannot be determined by reference to the memorandum agreement and the plaintiff produced no testimony on this issue. Thus, there was a failure of proof on this issue.

There was also a failure of proof in regard to damages. If the contract was one for personal services, the employer was entitled to a reduction for the amount earned from other employment. Ridenour v. Kuker, 185 Neb. 321, 175 N. W. 2d 287. Sinnett testified that he was "at different places all the time" and that it was "very seldom" that he did not have work in the cleaning business. There was no showing as to the amount the plaintiff earned while it might otherwise have been working at the defendant's apartments.

The plaintiff contends that the contract was not one for personal service but was for work that could have been performed by subordinates or employees. Before the plaintiff could recover on this theory, it would have been necessary to show the expense of additional per-

sonnel to perform the work for the defendant while the partnership was performing contracts for other employers. Jewett v. Wilmot, 51 Neb. 700, 71 N. W. 775; Kreamer v. Irwin, 46 Neb. 827, 65 N. W. 885. In the absence of such evidence there was no way to determine the amount of the plaintiff's damages.

Where the evidence is insufficient to sustain a verdict in favor of the plaintiff, it is the duty of the trial court to dismiss the action on the motion of the defendant.

The judgment of the district court is affirmed.

AFFIRMED.