GERALD J. HIMES, APPELLANT, V. CHARLES W. CARTER, APPELLEE.

365 N.W.2d 840

Filed April 12, 1985.   No. 84-391.

Lynn R. Carey, Jr., for appellant.

Herbert M. Fitle, Omaha City Attorney, James E. Fellows, and Denise A. Hill, for appellee.

KRIVOSHA, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and WOLF, D.J.

WOLF, D.J.

The appellant, Gerald J. Himes, plaintiff below, appeals from an order entered by the district court for Douglas County, Nebraska, granting a motion dismissing appellant's petition at the close of appellant's case in chief.

Himes has appealed the order of dismissal to this court, and assigns as error the action of the district court in withdrawing the issues from the jury and in dismissing his petition. After reviewing the bill of exceptions and the pleadings in this case, we find the action of the district court to be proper, and therefore affirm the order of the district court dismissing plaintiff's petition.

The record discloses that on May 6, 1978, the plaintiff was a passenger in a motor vehicle going north on 30th Street in Omaha and colliding with the defendant's vehicle in the intersection of 30th and Lake Streets. The evidence shows that the defendant's vehicle was traveling south on 30th and was turning left on Lake at the time of the collision. The evidence further establishes that the vehicle in which the plaintiff was a passenger entered the intersection on a red light. There is also

evidence in the record that the traffic light system at the intersection had directional turn signals for southbound traffic to turn left in the intersection, although there is no evidence as to whether the accident occurred during the period of such directional signal.

Himes' petition alleges negligence by the defendant in the following: (1) Failing to maintain a reasonable and proper lookout; (2) Failing to have his vehicle under proper control; and (3) Failing to yield the right-of-way to plaintiff's vehicle.

Other than the evidence summarized above and the fact that the collision occurred, there is no evidence to support any of the allegations of negligence.

As this court observed in *Porter v. Black*, 205 Neb. 699, 705, 289 N.W.2d 760, 764 (1980):

"The burden of proving negligence is on the party alleging it and merely establishing that an accident happened does not prove it. . . . 'Negligence must be proved by direct evidence or by facts from which such negligence can be reasonably inferred. In the absence of such proof, negligence cannot be presumed.' "

Where the evidence is insufficient to sustain a verdict in favor of the plaintiff, it is the duty of the trial court to dismiss the action on the motion of the defendant. *Sinnett v. Dial Constr. Co.*, 187 Neb. 190, 188 N.W.2d 681 (1971).

We find no evidence of negligence on the part of the defendant, and the district court was correct in dismissing plaintiff's petition upon proper motion. The judgment is affirmed.

AFFIRMED.