DONALD HOLDEN AND KAREN HOLDEN, APPELLANTS, V. DIANA URBAN, APPELLEE.

398 N.W.2d 699

Filed January 2, 1987.   No. 85-875.

Roger R. Holthaus, for appellants.

David J. Kolenda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Donald and Karen Holden appeal the judgment of the district court for Sarpy County, reversing and vacating their judgment for $1,140.13 obtained in a county court bench trial on their claim for property damage caused by negligence of

Diana Urban. We affirm.

Holdens and Urbans lived across the street from each other on 70th Street in LaVista, Nebraska. Urbans' residence was on the west side of 70th and had a driveway with a 30° grade, sloping toward the street. Directly opposite Urbans' driveway was the level driveway for the Holden residence, on the east side of 70th.

Diana Urban parked her El Camino in the Urban driveway and left the car keys on the dashboard of the unlocked vehicle, but could not recall whether she applied the automobile's emergency brake. Immediately adjacent to the garage attached to the Holden house was a parked 1958 Buick Roadmaster series 75 V-8 four-door sedan. To the rear and west of the Buick was a trailer, converted from the box of a Ford pickup.

On hearing a "loud crash" and believing a tree had fallen on her house, Karen Holden rushed from inside the house and saw the stationary El Camino partly in the street and partly in Holdens' driveway. Inside Diana's vehicle was 4-year-old Kari Urban, huddled in the front seat and crying. Karen Holden further observed that the trailer had been propelled into the trunk of the Buick, which, in turn, had collided with the corner of Holdens' garage. Diana Urban was running across the street to Holdens' and, on discovering Kari in the car, apologized for the vehicular misadventure. This incident was the first that Karen Holden had spoken to Diana Urban.

In their second amended petition Holdens alleged Diana Urban's specific negligence, namely, Diana Urban had "improperly" parked her automobile or was guilty of "negligent supervision of her four year old daughter," and requested damages for their trailer, Buick, and garage. On judgment for Holdens ($1,140.13), Diana Urban appealed to the district court, which found that the "judgment of County Court [is] erroneous as a matter of law, should be vacated and set aside." Holdens contend that the district court judgment is erroneous as a matter of law.

Holdens argue: "If this is not a true case of res ipsa loquitur, it comes very close to it." Brief for Appellants at 4. However, Holdens' petition also speaks for itself. The case was tried on Holdens' allegations of Diana Urban's specific acts of

negligence. " 'Proper pleading requires a petition to state in logical and legal form the facts which constitute the plaintiff's cause of action, define the issues to which the defendant must respond at trial, and inform the court of the real matter in dispute.' " *League v. Vanice*, 221 Neb. 34, 43, 374 N.W.2d 849, 855 (1985). See, also, *Rosnick v. Marks*, 218 Neb. 499, 357 N.W.2d 186 (1984). The Supreme Court disposes of an appeal on the basis of the theory presented by the pleadings on which the case was tried. *Foltz v. Northwestern Bell Tel. Co.*, 221 Neb. 201, 376 N.W.2d 301 (1985). In the absence of plain error, where an issue is raised for the first time in the Supreme Court, such issue will be disregarded inasmuch as the court whose judgment is being reviewed cannot commit error regarding an issue never presented and submitted for disposition. *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985). Consequently, we dispose of Holdens' appeal on the basis of the specific acts of negligence alleged by Holdens.

On appeal of a county court's judgment rendered in a bench trial of a law action, the district court reviews the "case for error appearing on the record made in the county court." Neb. Rev. Stat. § 24-541.06 (Reissue 1985). A county court's factual findings in a bench trial of a law action have the effect of a verdict and will not be set aside unless such findings are clearly erroneous. Cf. *Alliance Nat. Bank v. State Surety Co.*, 223 Neb. 403, 390 N.W.2d 487 (1986).

One alleging negligence has the burden to prove such negligence. Establishing that an accident has occurred does not prove a case of negligence. See, *Himes v. Carter*, 219 Neb. 734, 365 N.W.2d 840 (1985); *Porter v. Black*, 205 Neb. 699, 289 N.W.2d 760 (1980). Negligence is not presumed and must be proved by evidence, direct or circumstantial. *Himes v. Carter, supra; Porter v. Black, supra.*

For actionable negligence there must be a defendant's legal duty to protect the plaintiff from injury, a failure to discharge that duty, and damage resulting from such undischarged duty. See, *Daniels v. Andersen*, 195 Neb. 95, 237 N.W.2d 397 (1975); *Floridia v. Farlee*, 201 Neb. 39, 266 N.W.2d 204 (1978).

"[D]uty" is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff;

and in negligence cases, the duty is always the same—to conform to the legal standard of reasonable conduct in the light of the apparent risk. . . .

A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another.

Prosser and Keeton on the Law of Torts, *Limited Duty* § 53 at 356 (5th ed. 1984).

Foreseeability is a factor in establishing a defendant's duty, or, as expressed by Justice Cardozo in *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 394, 111 N.E. 1050, 1054 (1916): "[F]oresight of the consequences involves the creation of a duty . . . ." See, also, *Lock v. Packard Flying Service, Inc.*, 185 Neb. 71, 73, 173 N.W.2d 516, 518 (1970): " 'Foresight, not retrospect, is the standard of diligence. . . .' " (Citing and quoting from *Kolar v. Divis*, 179 Neb. 756, 140 N.W.2d 658 (1966).)

Applying the aforementioned principles to Holdens' case, there is no evidence that the Urban vehicle was insecurely parked. Diana Urban's inability to recollect her application of the El Camino's emergency brake does not carry the day on Holdens' specification that Diana's car had been "improperly" parked. Holdens failed to prove negligence on the part of Diana Urban in parking her automobile. Concerning Holdens' allegation of negligence regarding "supervision" of 4-year-old Kari, Holdens, again, have failed to prove their specification of Diana Urban's negligence. How did Kari come to be in Diana's parked car? Although Diana Urban left her automobile unlocked and unattended, there is no evidence establishing Kari's presence in the automobile when Diana Urban left her car unattended. If Kari was outside the car when Diana Urban left the vehicle, Holdens' evidence fails to establish that, under the circumstances, Diana Urban should have foreseen Kari's presence in proximity to the unattended vehicle and Kari's opportunity and ability to enter the accessible automobile. Kari's presence in the car after the collision is insufficient proof to establish any negligence of Diana Urban in relation to Kari and the unattended vehicle.

As a matter of law, Holdens have failed to prove Diana Urban's negligence in accordance with their specifications. Consequently, the county court's finding that Diana Urban was negligent is clearly erroneous. The district court's judgment is correct and, therefore, affirmed.

AFFIRMED.