SHIRLEY A. JUSTICE, APPELLANT, V. GREGORY H. HAND, APPELLEE.

420 N.W.2d 704

Filed March 18, 1988. No. 87-274.

Shirley A. Justice, pro se.

William J. Elder of McCormack, Cooney, Mooney & Hillman, and R. Joseph Henatsch of Katskee & Henatsch, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Shirley A. Justice appeals from the judgment for Gregory H. Hand in an automobile negligence action. In the county court, the parties presented evidence supporting their respective contentions. The trial court dismissed Justice's petition and found for Hand on his counterclaim for $1,492.06. On appeal, the district court affirmed the county court's judgment.

In a bench trial of a law action, the court, as the "trier of fact," is the sole judge of the credibility of witnesses and the weight to be given their testimony. . . . "In reviewing a judgment awarded in a bench trial, the Supreme Court does not reweigh evidence but considers the judgment in a light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. [Citations omitted.]"

*Lynn v. Metropolitan Utilities Dist.*, 225 Neb. 121, 125, 403 N.W.2d 335, 338-39 (1987) (quoting from *Alliance Nat. Bank v. State Surety Co.*, 223 Neb. 403, 390 N.W.2d 487 (1986)).

On appeal of a county court's judgment rendered in a bench trial of a law action, the district court reviews the "case for error appearing on the record made in the county court." Neb. Rev. Stat. § 24-541.06 (Reissue 1985). A county court's factual findings in a bench trial of a law action have the effect of a verdict and will not be set aside unless such findings are clearly erroneous.

*Holden v. Urban*, 224 Neb. 472, 474, 398 N.W.2d 699, 701 (1987).

There is evidence to support the trial court's findings, which are not clearly erroneous.

AFFIRMED.