IN RE ESTATE OF AUGUST P. GOLTL, DECEASED.
MARJORIE L. GRAY, APPELLANT, V. ADRIAN P. GOLTL, PERSONAL
REPRESENTATIVE OF THE ESTATE OF AUGUST P. GOLTL, DECEASED,
APPELLEE.

443 N.W.2d 884

Filed August 4, 1989.   No. 87-1066.

George A. Sommer for appellant.

Robert J. Bulger, of Bulger & Jensen, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On July 15, 1982, as the result of a written assumption agreement, Marjorie L. Gray and August P. Goltl jointly assumed a mortgage held by Platte Valley Federal Savings and Loan Association on property in Scotts Bluff County, Nebraska. August Goltl died on March 25, 1984. After Gray had defaulted in the mortgage payments, Platte Valley foreclosed its mortgage and sold the property, leaving a deficiency in excess of $20,000, for which Gray and Goltl's estate were jointly and severally liable under the assumption agreement. Gray filed a claim against Goltl's estate and, based on an alleged oral indemnification agreement resulting from promissory estoppel, sought indemnification for Gray's

payments on the mortgage. Adrian P. Goltl, personal representative of Goltl's estate, disallowed Gray's claim. Gray filed a petition in the county court for allowance of her claim. After a hearing, the county court denied Gray's claim and dismissed her petition. On appeal, the district court upheld the decision of the county court. Gray appeals, contending that her claim against Goltl's estate should have been allowed.

In an appeal from a county court's decision of a probate matter as a law action, an appellate court reviews the county court's decision and judgment for error appearing on the record in the county court. *In re Estate of Miller*, 231 Neb. 723, 437 N.W.2d 793 (1989). See, also, Neb. Rev. Stat. §§ 24-541.06 (Cum. Supp. 1988) and 25-1911 and 30-1601 (Reissue 1985).

> On appeal of a county court's judgment rendered in a bench trial of a law action, the district court reviews the "case for error appearing on the record made in the county court." Neb. Rev. Stat. § 24-541.06 (Reissue 1985). A county court's factual findings in a bench trial of a law action have the effect of a verdict and will not be set aside unless such findings are clearly erroneous.

*Holden v. Urban*, 224 Neb. 472, 474, 398 N.W.2d 699, 701 (1987). See, also, *Justice v. Hand*, 227 Neb. 856, 420 N.W.2d 704 (1988); *Mason v. Schumacher*, 231 Neb. 929, 439 N.W.2d 61 (1989).

Having reviewed the record, we find no error in the county court's decision which denied Gray's claim. For that reason, the judgment of the district court, upholding the decision of the county court, is affirmed.

AFFIRMED.