JORGE VILAS, JR., APPELLEE AND CROSS-APPELLEE, V. BILL STEAVENSON ET AL., APPELLEES AND CROSS-APPELLANTS, STATE OF NEBRASKA, APPELLANT, AND W.A. BIBA ENGINEERING COMPANY, A CORPORATION, APPELLEE.
JORGE VILAS, JR., APPELLEE AND CROSS-APPELLEE, V. BILL STEAVENSON ET AL., APPELLANTS, SEAN D. OELKERS ET AL., APPELLEES AND CROSS-APPELLANTS, AND W.A. BIBA ENGINEERING COMPANY, A CORPORATION, APPELLEE.
496 N.W.2d 543

Filed March 12, 1993. Nos. S-90-730, S-90-969.

Robert M. Spire, Attorney General, and Lynne R. Fritz for appellant State.

Joseph W. Grant, of Gaines, Mullen, Pansing & Hogan, for appellants Steavenson and Hilgenkamp.

Thomas K. Harmon and John J. Respeliers, of Respeliers and Harmon, P.C., for appellee Vilas.

Edward G. Warin and Michael C. Schilken, of Gross & Welch, P.C., for appellees Oelkers.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

This is an action for damages for injuries caused by an automobile accident that occurred on May 16, 1987.

The plaintiff, Jorge S. Vilas, Jr., was a passenger in an automobile, which was owned by Bill Steavenson and operated by Matthew Hilgenkamp, when it collided with a pickup truck owned by Michael Hampton. As a result of an injury to his right leg, the plaintiff now has a permanent limp and a 10 percent permanent disability to his right leg.

The defendants in this action are Bill Steavenson, Billy Steavenson, Matthew Hilgenkamp, Sean Oelkers, David Oelkers, the State of Nebraska, and W.A. Biba Engineering Company. After a bench trial, the district court found generally in favor of the plaintiff against all defendants except the engineering company and awarded the plaintiff damages in the amount of $50,000. All defendants except the engineering company have appealed from the judgment. There is no issue concerning the injuries to the plaintiff or the amount of damages which he recovered.

The record shows that a series of collisions occurred on May 16, 1987, at about 11:30 p.m. on Highway 30, approximately seven-tenths of a mile west of Ames, Nebraska. At the time of the accident, W.A. BIBA Engineering Company, a private contractor engaged by the State, was resurfacing Highway 30. The road surface was fresh asphaltic concrete. There was a 4 to 5 inch "drop-off" from the edge of the pavement to the unpaved dirt shoulder.

The initial collision occurred when both the right front and rear wheels on the passenger side of an automobile driven by Sean Oelkers, and owned by David Oelkers, encountered the pavement "drop-off" and left the paved portion of the highway going on to the unpaved shoulder. As the Oelker vehicle returned to the paved portion of the highway, it swerved across the center line and was struck by the pickup truck owned and operated by Michael Hampton. The Hampton vehicle spun clockwise and came to rest in the eastbound lane of the highway facing in a westerly direction. Later, the automobile in which Vilas was a passenger collided with the Hampton vehicle. Subsequently a fourth vehicle also collided with the Hampton

vehicle.

Nebraska State Patrol Officer Gurney Pittenger, who investigated the accident, testified that the speed of the Oelkers' vehicle upon returning to the paved portion of the highway was 66 miles per hour. Pittenger further testified that prior to colliding with the Hampton vehicle, the vehicle driven by Hilgenkamp left skid marks approximately 97 feet in length. The force of the impact from the collision between the two vehicles moved the Hampton pickup approximately 55 feet farther down the roadway.

On September 26, 1989, the plaintiff moved for summary judgment on the issue of liability against the State of Nebraska. In support of the motion, the plaintiff referred to the trial court's finding in *Mandel v. State*, a similar case arising out of the same facts, that the State was negligent. In *Mandel* a motion for summary judgment on the issue of the State's liability was granted based upon the trial court's finding of the State's negligence in a similar case, *Maresh v. State*, 241 Neb. 496, 489 N.W.2d 298 (1992).

The trial court sustained the plaintiff's motion for summary judgment against the State of Nebraska on October 31, 1989. The court's order provided:

> On October 10, 1989, this matter came on for hearing upon the plaintiff's Motion for Summary Judgment against the defendant, State of Nebraska. Argument was had and the matter taken under advisement.
>
> The Court now being fully advised in the premises does Find and Order that said Motion for Summary Judgment against the defendant, State of Nebraska, on the issue of liability should be and the same is hereby sustained.

The State of Nebraska has assigned numerous errors with regard to the order sustaining the plaintiff's motion for summary judgment as to the State of Nebraska's liability.

Although the trial court's order indicated that a hearing was held on the motion for summary judgment, no record was made and there is no record of what evidence was offered and considered with regard to the motion. Presumably, the trial court took notice of the proceedings in the *Maresh* case, as the *Maresh* record accompanies the record of this case. However,

there is nothing in the record of this case that shows that the *Maresh* record was offered at the hearing or that the trial court did in fact take notice of the *Maresh* record.

In the present state of the record we do not consider any of the evidence from the *Maresh* case. Affidavits, depositions, and other evidence considered at a hearing on a motion for summary judgment must be preserved in a bill of exceptions filed in the court before an order on such a motion may be reviewed. *Keystone Ranch Co. v. Central Neb. Pub. Power & Irr. Dist.*, 237 Neb. 188, 465 N.W.2d 472 (1991); *Peterson v. George*, 168 Neb. 571, 96 N.W.2d 627 (1959); *Brown v. Shamberg*, 190 Neb. 171, 206 N.W.2d 846 (1973).

Since the state failed to preserve and present a record of the hearing on the motion for summary judgment, this court is unable to review the order sustaining the plaintiff's motion for summary judgment. In the absence of a bill of exceptions concerning the evidence which may have been offered at the hearing on the motion for summary judgment, there is nothing to review, and this court cannot determine whether error occurred. Consequently, the State's assignments of error relating to the motion for summary judgment are without merit.

The findings of fact of the trial court in a proceeding under the State Tort Claims Act will not be set aside unless such findings are clearly incorrect. *Maresh v. State*, 241 Neb. 496, 489 N.W.2d 298 (1992). Likewise, in a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *Broekemeier Ford v. Clatanoff*, 240 Neb. 265, 481 N.W.2d 416 (1992).

In reviewing the findings of the trial court, we presume that the court resolved any controverted facts in favor of the successful party, and we consider the evidence and permissible inferences therefrom most favorably to that party. *Anderson v. Transit Auth. of City of Omaha*, 241 Neb. 771, 491 N.W.2d 311 (1992).

When considering a negligence action, this court has previously stated:

[t]he burden of proving negligence is on the party alleging

it and merely establishing that an accident happened does not prove it . . . "Negligence must be proved by direct evidence or by facts from which such negligence can be reasonably inferred. In the absence of such proof, negligence cannot be presumed."

*Himes v. Carter*, 219 Neb. 734, 735, 365 N.W.2d 840, 841 (1985); quoting *Porter v. Black*, 205 Neb. 699, 705, 289 N.W.2d 760, 764 (1980). See, also, *Holden v. Urban*, 224 Neb. 472, 398 N.W.2d 699 (1987).

At the time of the accident at issue in this appeal, the plaintiff was a passenger in the automobile owned by Bill Steavenson and operated by Matthew Hilgenkamp. The Steavenson automobile was provided for the use of Steavenson's son, Billy Steavenson, who was also a passenger in the automobile at the time of the accident. The defendants, Matthew Hilgenkamp and Bill and Billy Steavenson, have assigned the following errors:

1. The evidence was insufficient to support a judgment in favor of plaintiff against the defendants Hilgenkamp and Steavenson, and the judgment was therefore contrary to law.

2. With respect to defendant Hilgenkamp only, the Court Order of July 30, 1990, failed to reflect the Court's prior sustaining of said Defendant's Demurrer Ore Tenus with respect to the plaintiff's second cause of action relating to medical special damages allegedly assigned to plaintiff by the plaintiff's parents.

With respect to the defendant Hilgenkamp, the plaintiff alleged in his petition that Hilgenkamp was negligent in failing to keep a proper lookout, failing to maintain proper control over the vehicle, operating the vehicle at an excessive rate of speed under the circumstances, and failing to take reasonable efforts to avoid the collision with the Hampton vehicle.

The evidence at trial was sufficient for the trial court to determine that Hilgenkamp was operating the Steavenson vehicle at an excessive rate of speed. There was evidence that Hilgenkamp had been driving in excess of the speed limit just prior to the collision. Sergeant Pittenger testified that based on his observations at the accident scene, the vehicle driven by

Hilgenkamp left approximately 97 feet of skid marks prior to the impact. Additionally, the force of the impact carried the Hampton pickup, which had been completely at rest, 55 feet farther down the roadway. The length of the skid marks and the distance the Hampton vehicle traveled, support the allegation that Hilgenkamp was operating the Steavenson vehicle at an excessive rate of speed.

There also was evidence for the trial court to conclude that Hilgenkamp failed to keep a proper lookout. This court has previously stated:

> . . . the driver of an automobile is legally and mandatorily obligated to keep such a lookout that he can see what is plainly visible before him and to operate his automobile in such a manner that he can stop it and avoid a collision with any object in front of him.

*Kasper v. Carlson*, 232 Neb. 170, 174, 440 N.W.2d 195, 197 (1989); See, also, *Mantz v. Continental Western Ins. Co.*, 228 Neb. 447, 422 N.W.2d 797 (1988).

Accordingly, there was evidence before the trial court to support the determination that Hilgenkamp was negligent in the operation of the Steavenson vehicle at an excessive speed and in his failure to keep a proper lookout and maintain control of the vehicle. Therefore, Hilgenkamp could be found liable to Vilas if Hilgenkamp's negligence was a proximate cause of Vilas' injury. With regard to the issue of proximate cause:

> " ' "There are three basic requirements in establishing proximate cause. The first requirement is that the negligence be such that 'without which the injury would not have occurred,' commonly known as the 'but for' rule. . . .
>
> " ' "The second requirement is that the injury be the natural and probable result of the negligence. . . .
>
> . . . .
>
> " ' "The third requirement is that there be no efficient intervening cause." ' "

*Maresh v. State, supra,* quoting *Zeller v. County of Howard*, 227 Neb. 667, 672, 419 N.W.2d 654, 658 (1988).

The determination of causation is, ordinarily, a matter for the trier of fact. In this case, the trial court's determination that

Hilgenkamp's negligence was a proximate cause of Vilas' injuries was not clearly erroneous.

Hilgenkamp also assigned as error the trial court's order of July 30, 1990, which failed to reflect the court's prior sustaining of defendant Hilgenkamp's Demurrer Ore Tenus with respect to the plaintiff's second cause of action. Vilas' second cause of action, allegedly assigned to Vilas by his parents, related to medical special damages. The trial court sustained the Demurrers Ore Tenus of the defendant BIBA Construction Company and the defendant Hilgenkamp because the assignment, from the plaintiff's parents to the plaintiff, did not include claims against the defendants BIBA Construction or Hilgenkamp. Although the trial court sustained the demurrers, the court's final order made no reference to the trial court's action in sustaining the demurrer of the defendant Hilgenkamp. The judgment against Hilgenkamp should be modified by reducing it to the extent that it includes any damages sustained by Vilas' parents, the cause of action for which was subsequently assigned to the plaintiff Vilas. Because the record is not adequate to show what part of the judgment against Hilgenkamp may have been for damages alleged in the second cause of action, it is necessary to remand the cause as to Hilgenkamp to the district court for further proceedings.

With respect to the defendants Bill and Billy Steavenson, the plaintiff alleged in his petition that the Steavensons were negligent in entrusting their motor vehicle to Hilgenkamp, a person allegedly lacking the skill and experience necessary to properly operate a motor vehicle. At the time of the accident Hilgenkamp was 15 years old. However, at the time of the accident, he had been driving with a school permit for over a year and a half and had some experience driving at night. Hilgenkamp testified that he was familiar with the highway where the accident occurred and had previously driven over this particular stretch of the highway on several occasions.

In Nebraska, the rule with regard to the doctrine of negligent entrustment is as follows: ". . . an *owner* of a motor vehicle, who *knowingly* entrusts it to an under-age, unlicensed minor in violation of statute, is guilty of negligence and liable for damages proximately resulting from the negligent operation of

the motor vehicle." (Emphasis supplied.) *Gertsch v. Gerber*, 193 Neb. 181, 184, 226 N.W.2d 132, 134 (1975). See, also, *Keller v. Wellensiek*, 186 Neb. 201, 181 N.W.2d 854 (1970).

However, the fact that the owner may be negligent in entrusting the vehicle to a minor does not dispose of the issue. In addition to being negligent in entrusting the vehicle:

> [t]he plaintiff must also allege and prove that defendant's negligence was the proximate cause of the accident and injury. In order to establish that proximate causation, the plaintiff must allege and prove that the driver operated the automobile negligently, and that his negligence was a proximate cause of that accident.

*Id.* at 185, 226 N.W.2d at 134. See, also, *Wagner v Mines*, 203 Neb. 143, 277 N.W.2d 672 (1979).

In the present case, regardless of whether Hilgenkamp negligently operated the vehicle, there is no evidence that the owner of the vehicle, Bill Steavenson, knowingly entrusted the vehicle to Hilgenkamp. The Steavenson vehicle was provided for the use of Bill Steavenson's son, Billy. Billy was a passenger in the vehicle at the time of the accident, and Matthew Hilgenkamp was operating the vehicle with Billy's permission. However, there is no evidence in the record that the owner of the vehicle, Bill Steavenson, gave his permission for Hilgenkamp to drive the car, nor is there any evidence that Bill Steavenson even knew that someone other than his son was driving the car.

In *Christensen v. Rogers*, 172 Neb. 31, 108 N.W.2d 389 (1961), this court considered the question of whether the owner of a vehicle, while permitting his son to use his car, can be held liable for an accident occasioned while the car was being operated by a third person, with the son's permission, but without the father's knowledge or consent. The court discussed the "family purpose doctrine" and noted that the doctrine holds the owner of a car, who gives it over to the use of his family and permits it to be operated by the members thereof, liable for injuries inflicted while being negligently operated by a member of the family.

In the *Christensen* case, the court was asked to expand the family purpose doctrine to impose liability on the father for negligence while the family car was being operated by a third

party with the son's permission but without the father's knowledge or consent. This court concluded that:

> the initial permission of an automobile owner to members of his family to use a family-purpose car does not include authority to delegate the driving of the automobile to a third person not a member of the family. Consequently, liability does not attach to the owner for the negligence of such third person.

*Id.* at 34, 108 N.W.2d at 392.

Therefore, the doctrine of negligent entrustment is not applicable to Bill Steavenson since he did not "knowingly entrust" his vehicle to Hilgenkamp. It also appears that the doctrine of negligent entrustment does not apply to Billy Steavenson since he did not own the vehicle. Accordingly, the trial court was clearly wrong in its determination of liability against the defendants Bill and Billy Steavenson.

As stated previously, the initial collision in this four vehicle series of accidents occurred between a vehicle driven by the defendant Sean Oelkers and a vehicle driven by Michael Hampton. The Oelkers' vehicle was owned by Sean Oelkers' father, David Oelkers. With respect to defendants Sean and David Oelkers, the plaintiff alleged in his petition that Sean Oelkers was negligent in failing to maintain a proper lookout, failing to maintain reasonable control of the automobile and operating the vehicle at an excessive rate of speed. Vilas' petition alleged that Sean Oelkers' negligence was imputed to his father David Oelkers under the family purpose doctrine.

In this appeal the defendants Sean and David Oelkers assigned the following errors:

> 1. The district court erred in finding that the plaintiff presented sufficient evidence to sustain his burden of proof that Sean Oelkers was negligent, and by application of the family purpose doctrine that David Oelkers was also negligent.

> 2. The district court erred in finding that the Oelkers action was the proximate cause of the plaintiff's injuries.

> 3. The district court erred in not finding that the negligence of the plaintiff's driver, Matthew Hilgenkamp, was the sole and proximate cause of the plaintiff's injuries.

4. The district court erred in not finding that Matthew Hilgenkamp's negligence was an efficient intervening cause of the plaintiff's injuries.

5. The district court erred, as a matter of law, by dismissing the defendants', Sean D. Oelkers and David Oelkers, cross-petition.

6. The district court erred, as a matter of law, in finding generally in favor of the plaintiff and against the defendants, Sean Oelkers and David Oelkers.

The series of four vehicle collisions involved in this appeal was initiated when the vehicle driven by the defendant Sean Oelkers encountered the pavement "drop off" and both the right front and rear wheels on the passenger side of the vehicle went off the paved portion of the road and onto the unpaved shoulder. As the vehicle reentered the paved portion of the highway, Sean Oelkers lost control, and the automobile swerved across the highway and was struck by the pickup owned and operated by Michael Hampton.

Sergeant Pittenger testified that based on the physical evidence, including critical speed scuff marks and a series of tests performed, the Oelkers' vehicle was traveling 66 m.p.h. when it returned to the roadway. Based on the speed at which Oelkers tried to return to the pavement and his inability to properly control the vehicle, it cannot be said that the trial court was clearly wrong in finding that the Oelkers were negligent.

The Oelkers argue that Hilgenkamp's negligence was an efficient intervening cause of Vilas' injuries, thereby precluding their liability. Also, the Oelkers argue that Hilgenkamp's negligence was the sole proximate cause of the accident. As stated previously, the third basic requirement in establishing proximate cause is " ' " 'that there be no efficient intervening cause.' " ' " *Maresh, supra.* " ' " '[A]n efficient intervening cause is new and independent conduct of a third person, which itself is the proximate cause of the injury in question and breaks the causal connection between original conduct and the injury. . . .' " ' " *Id.*, quoting *Looney v. Pickering*, 232 Neb. 32, 37, 439 N.W.2d 467, 471 (1989). The *Maresh* court further noted:

Where the defendant's action is itself a cause of the injury and the third party's negligent act is reasonably

foreseeable, the third party's negligence is not an efficient intervening cause as a matter of law. However, if the defendant's conduct constitutes merely passive negligence, which creates a condition which facilitates injury through subsequent third-party negligence, the third-party negligence is an efficient intervening cause.

*Maresh* at 515, 489 N.W.2d at 312.

There is no evidence in this case that Hilgenkamp's negligence was not reasonably foreseeable. Therefore, Hilgenkamp's negligence was not an efficient intervening cause. Accordingly, the district court did not err in finding that Sean Oelkers was negligent and that this negligence was a proximate cause of the accident causing the plaintiff's injuries.

Accordingly, the judgment of the district court should be affirmed with respect to the $50,000 judgment against the State of Nebraska and against the defendants, Sean Oelkers and David Oelkers. The judgment is reversed with regard to the defendants Bill and Billy Steavenson. As to the defendant Matthew Hilgenkamp the judgment is reversed and the cause remanded for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR FURTHER
PROCEEDINGS.

FAHRNBRUCH, J., concurs in the result.
WHITE, J., dissents.