FRED RENGSTORF v. WINSTON BROTHERS COMPANY.[1]

May 14, 1926.

No. 25,250.

**When presumption of due care prevails.**

1. In a death case where there is no evidence of contributory negligence, the presumption of due care must control.

**Grading contractor not liable for failure to erect guard rails.**

2. Grading contractor constructing fill which is to be part of a state trunk highway *held* not liable, as for negligence, for failure to erect guard rails.

Death, 17 C. J. p. 1304 n. 77.
Highways, 29 C. J. p. 678 n. 36 New.

Action in the district court for Hennepin county by the administrator of the estate of John Havenmeier, deceased, to recover for his wrongful death. The case was tried before Schultz, J.,

[1]Reported in 208 N. W. 995.

and a jury which returned a verdict in favor of defendant. Plaintiff's motion for a new trial was granted. Defendant appealed. Reversed with directions.

*Kenny, Lohmann & Gardner,* for appellant.

*Mueller & Erickson* and *Cobb, Wheelwright, Hoke & Benson,* for respondent.

STONE, J.

Action for death by wrongful act in which there was a verdict for defendant. Plaintiff's motion for a new trial was granted exclusively because of the error of law which the learned trial judge considered he committed in submitting to the jury the issue of contributory negligence. We agree with that conclusion. Deceased was riding in the night time in a lumber wagon drawn by a team owned and driven by a neighbor, Mr. Schiller. In passing over a high embankment recently constructed by defendant as part of a state trunk highway, one of the horses stumbled and fell, dragging his teammate, the wagon and its occupants down the embankment. The result was fatal to Mr. Havenmeier. There is no evidence tending to show any negligence on his part which contributed to the accident. So the presumption that he was in the exercise of due care must control and the issue of contributory negligence should not have been submitted to the jury.

There is another aspect of the case which we think calls for a reversal and the entry of judgment for defendant on the verdict. The deceased and Schiller were on their way home from New Ulm. For some distance before reaching the place of the accident they traveled over a temporary road along the side of the new embankment. That road terminated in a temporary ramp which carried it onto the fill. From that point on, the embankment was being used for travel. It had not been surfaced and the usual guard rails had not been erected. The accident occurred after the ascent of the ramp had been completed. A guard rail would have prevented it.

Defendant had a contract with the state for the grading and nothing else. It was not thereby required to do any surfacing or erect

any guard rails. The work was done under the supervision and inspection of the highway engineers. It was for them to say when the new road or any portion thereof should be opened for temporary or other use by the public. Defendant had nothing to say to that and under its contract could not have prevented the use of the fill by the public after its completion and before its final and formal acceptance. It stands proved if not conceded that defendant's contract had been completed to the entire satisfaction of the highway department some time before the accident but that it was not formally accepted until shortly afterwards. The contract was between defendant and the state. The deceased was not a party thereto and his personal representative cannot predicate any right thereon. To that extent the rule of Winterbottom v. Wright, 10 M. & W. 107 and Heaven v. Pender, L. R. 9 Q. B. Div. 302, remains undoubted law.

The only duty of defendant with which plaintiff is now concerned was to execute the work with due care to prevent injury to those lawfully using it pending its construction. The provisions of the contract are therefore material only to the extent that they impose obligations for the benefit of users of the road, and so may have something to say to the question of due care. Otherwise the contract is immaterial. It is not the basis of liability but merely a fact for consideration.

The specific charge of negligence in the complaint is that defendant allowed the highway "to be and remain in a dangerous condition without providing suitable curbs, guards or rails or any lights, signals, signs or other warning or a watchman to prevent accidents * * * negligently failed to erect a suitable barricade to call attention of travelers to the danger of traveling on said highway or to divert them therefrom, negligently failed to make or keep said highway free from ruts and undulations."

The portions of the contract which counsel deem material and upon which they predicate liability are these:

"The Contractor * * * shall provide and maintain in a safe condition temporary approaches to and crossing of intersecting highway."

"The Contractor shall provide, erect and maintain all necessary barricades, suitable and sufficient red lights, danger signals and signs  *  *  *  and take all necessary precautions for the protection of the work and safety of the public.  *  *  *  All barricades and obstructions shall be illuminated at night and all lights shall be kept burning from sunset to sunrise."

Certainly there was nothing to impose upon defendant the duty to light the whole embankment. There was then no duty to light any part of it. Neither was there any duty to place guard rails along both sides and for its entire length. There was then no duty to rail it at any one point on either side. It was 40 feet wide and straight and no one point was more dangerous than another except as its height varied. To hold otherwise, we would have to say that a jury might properly place upon a grading contractor, where the controlling authority of the state had subjected his completed work to public use, *after* its satisfactory completion but before its formal acceptance, responsibility for failure to illuminate and equip it with guard rails. The result is impossible. The state itself, now the supreme authority as to trunk highways, does not light them. And in this case it withheld from defendant, in any event defendant never assumed, the duty of placing guard rails. That, we assume, was to be done later and by another contractor.

Defendant's contract provided that until formal acceptance the road should be "under the charge and care of the contractor and he shall take every reasonable precaution against injury or damage to the work or to any part thereof by the action of the elements or from any other cause whatsoever." The purpose is obvious—it is only to make the contractor responsible to the extent indicated for the condition of his work until its formal acceptance. In the performance of that obligation no stranger to the contract is interested. The job was finished before the accident. It was ready for formal acceptance which happened not to take place until just afterward. Defendant's work was not only completed but actually in use. The state had taken possession. That possession and the attendant use were not enhanced or otherwise changed by the mere form of final

acceptance. In that aspect, the case is similar to First Pres. Cong. v. Smith, 163 Pa. St. 561, 30 Atl. 279, 26 L. R. A. 504, 43 Am. St. 808. There a sewer though completed had not been accepted formally. But it was in use by the city. The negligence of the contractor was assumed, arguendo, but causal connection with the injury to plaintiff's property was considered broken, "not by the resolution or ordinance," but by the fact of acceptance. It was its completion plus the factual as distinguished from the formal taking over of the work that was considered the determining factor. In Read v. East Providence Fire Dist. 20 R. I. 574 (578) 40 Atl. 760, there was present possible negligence of the constructor. But the owner, which had not formally accepted the work, was held liable notwithstanding because it had "stepped in and assumed practical control of the structure by appropriating it to the use for which it was erected."

For negligent defects of construction, a public contractor may in some cases be liable to users of his work. O'Brien v. American Br. Co. 110 Minn. 364, 125 N. W. 1012, 32 L. R. A. (N. S.) 980, 156 Am. St. 503; Goar v. Stephen, 157 Minn. 228, 196 N. W. 171. But that liability is "limited to defects in his own work." Cochran v. Sess, 168 N. Y. 372, 61 N. E. 639. His negligence certainly cannot be predicated upon the omission of a distinct element, which not only is not called for by his contract but which is withheld for installation under another and subsequent one. That is this case.

Order reversed with direction for the entry of judgment for defendant on the verdict.