MARILYN WILSON, THROUGH AND BY HER FATHER AND NEXT
FRIEND, BRYCE WILSON, APPELLANT, V. NORTH CENTRAL GAS
COMPANY, A CORPORATION, APPELLEE.

80 N. W. 2d 685

Filed February 1, 1957. No. 34073.

*Heaton & Heaton,* for appellant.

*Martin, Davis & Mattoon* and *Gerald E. Matzke,* for
appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This case involves a claim for damages by appellant
against appellee because of personal injuries caused her,
as she asserts, by the negligence of appellee. Appellant
was an infant when the litigation was instituted but
before the trial she married, became of legal age, and the

case has proceeded in her present name, Marilyn Wilson Howerter.

The substance of the cause of action alleged by appellant is as follows: Appellee is a domesticated foreign corporation engaged in the sale and distribution of natural gas in the city of Sidney. Prior to September 29, 1954, it excavated a ditch across the premises of the school district of that city, installed a pipe therein, and covered it by filling the ditch with the earth excavated therefrom. It negligently permitted the dirt put in and over the excavation to extend a height of 3 to 8 inches above the surface of the adjoining ground causing an obstruction in, upon, and across the north side of the school district premises south of but near the sidewalk along the premises. Appellee negligently failed to install and maintain any sign, devices, or lights to warn persons, including appellant, of the existence and any hazard of the obstruction. Appellant was going to the high school building on the premises south of the location where the excavation was made in pursuance of her duties as a senior student in the school at about 7:30 p. m., on September 29, 1954. When she crossed the area where the excavation had been made, without knowledge of or notice concerning the obstruction, she was thereby caused to trip and fall, as a consequence of which she suffered a severe comminuted fracture of her right femur at about the juncture of the middle and lower thirds.

Appellee in defense admitted it was a corporation and that appellant was injured September 29, 1954; denied all other claims of appellant; and alleged that it installed a service gas line upon the premises of the school district in a careful and prudent manner, that all the work in reference thereto was completed on or about August 5, 1954, that the work done by appellee was inspected and accepted by the school district on that date, that appellee had not since had any occupancy of the premises where the work was done, that it was not occupying the

premises on September 29, 1954, and that any injuries sustained by appellant were the result of her negligence.

The trial of the case terminated by the court sustaining the motion of appellee for a dismissal of the case at the close of the evidence-in-chief of appellant and the rendition of a judgment of dismissal of the case. The appeal presents an issue as to whether or not the evidence of appellant and permissible inferences therefrom, when considered most favorably to her, are sufficient to sustain a verdict in her favor for any amount.

The Sidney high school building faces east. The school grounds are bounded by a street on the north and on the east. There is a sidewalk on the east and the north of the grounds and a lawn between the sidewalk and the school building in the area important to this case. Two front entrances to the building are on the east and there is a sidewalk from the one farthest north which extends east and connects with the north-and-south sidewalk in front of the building. The lawn in the northeast area is raised from near the sidewalk to the school building about 1½ feet. There was no playground equipment or anything of that nature in the area at the time of the accident. The walks were not then obstructed in any way and appellant could have used them to reach the building on the evening of the accident.

The school district, sometime before August 5, 1954, engaged appellee to and it did install a service gas line across the school grounds a few feet south of the east-and-west sidewalk and north of the north side of the school building. The service gas line, as constructed at that location, was inspected by the city inspector of the city of Sidney on August 5, 1954, and he then approved the manner of its installation. On that date the line was fully completed by appellee. When the excavated ditch in which the pipe was placed was filled, the backfill sloped up from the edges of the excavation towards the center thereof so that it extended above the ad-

jacent ground about 6 inches at the place of the accident. This formed a mound of dirt over the place where the ditch had been and this was the situation on September 29, 1954.

Appellant was on her way to the high school building to attend a meeting which she was duty-bound to do as a senior student of the school at about 8:30 p. m., September 29, 1954. She and two other senior students of the school parked the automobile in which they were traveling on the south side of the street north of the school building near the northeast corner of the school grounds. The night was wet, cold, cloudy, and very dark. They crossed the north sidewalk and ran across the northeast corner of the school lawn towards the north one of the entrances of the school building on the east. Appellant in some manner tripped over the mound of dirt referred to and she sustained the injuries she complains of in this case. There was a light on the front of the school building and a street light on a pole about 5 feet east of the sidewalk opposite the northeast corner of the school grounds. Appellant could see the sidewalk and she could have seen the mound which caused her to fall if she had looked for it. She had been instructed by school authorities not to walk on the lawn but to use the walks provided for that purpose.

The occurrence of an accident which causes injury and does damage does not create a presumption or authorize an inference of negligence. Tews v. Bamrick & Carroll, 148 Neb. 59, 26 N. W. 2d 499. The elements of actionable negligence are a duty of the party charged with negligence to protect the injured party from injury, failure to satisfy that obligation, and injury resulting therefrom. Scottsbluff Nat. Bank v. First State Bank, 162 Neb. 475, 76 N. W. 2d 445.

It was indispensable to any recovery in this case that appellant show by evidence that appellee was at the time of the accident in control of the premises upon which appellant was injured. This requirement in a case of

this character was recognized and stated in Haynes v. Norfolk Bridge & Constr. Co., 126 Neb. 281, 253 N. W. 344: "The burden was upon the plaintiff to establish that the contractor was yet in charge and control of the work at the time of the accident." See, also, Shupe v. County of Antelope, 157 Neb. 374, 59 N. W. 2d 710; Rengstorf v. Winston Bros. Co., 167 Minn. 290, 208 N. W. 995; Annotations 7 A. L. R. 1211, 104 A. L. R. 967, 13 A. L. R. 2d 202; 65 C. J. S., Negligence, § 94, p. 609, § 200, p. 936.

There is no proof in this case that appellee was in the occupancy or control or that it had any relationship, duty, or right whatever at the time of the accident in reference to the premises upon which appellant fell and was injured or in reference to any instrumentality thereon. The record is that the construction of the service line was fully completed by appellee on August 5, 1954, and on that date the city inspector of the city of Sidney made an examination and approved the manner of the installation. There is no showing that any change in it was made or that its condition was in any way altered between that date and time of the accident. The acceptance and use by the school district of the construction is inferable from the record. In any event, it was the burden of appellant to show that it was not, if such was the fact.

In Haynes v. Norfolk Bridge & Constr. Co., *supra,* this court said: "The acceptance that is required by the proprietor of the work of a contractor, in order to relieve the contractor of liability for injuries to third persons after the acceptance, is a practical acceptance after the completion of the work, a formal acceptance not being required."

A recent decision of this court much relied on by appellant, Hickman v. Parks Constr. Co., 162 Neb. 461, 76 N. W. 2d 403, is distinguishable from this case because of the wide difference in the facts of the cases. The Hickman case concerned an open, unguarded, and dan-

gerous excavation. The construction work being done on the premises, of which the excavation was a part, was incomplete. The premises where the accident occurred and the construction that was in progress were in the possession and under the control of the defendant in that case. The Hickman case has no similarity or application to this case.

The judgment of the district court should be and it is affirmed.

AFFIRMED.

CHAPPELL, J., participating on briefs.