KENNETH A. MUCKEY, APPELLANT, V. DOUGLAS A. DITTOE ET AL., APPELLEES.

454 N.W.2d 682

Filed May 4, 1990.    No. 89-448.

Alan M. Thelen, of Breeling & Welling, for appellant.

Randall L. Goyette and Michael A. England, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Lesoing.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Plaintiff, Kenneth A. Muckey, in this personal injury action appeals from the order of the district court granting summary judgment in favor of the defendant Lorele A. Lesoing, assigning the sustaining of the motion for summary judgment as the sole error. We affirm.

Plaintiff was employed as a delivery person for an independent contractor which delivered furniture for Nebraska Furniture Mart. On January 20, 1988, a delivery crew which included plaintiff Muckey attempted to deliver a freezer to 3811 J Street in Lincoln, Nebraska. The crew found no one at home, and Muckey then walked up to the front door to place a tag upon it. While returning to the delivery truck, Muckey allegedly slipped upon a patch of ice in the driveway, fell, and sustained personal injuries.

The defendant Douglas A. Dittoe is the owner of the J Street premises where the accident occurred. About 3 to 4 weeks before the accident, Dittoe and Lesoing became engaged to be married. Thus, they were engaged on January 11, 1988, when Lesoing purchased a freezer from Nebraska Furniture Mart and requested that it be delivered to Dittoe's address.

Plaintiff brought suit for his alleged injuries, and in this matter we are concerned only with the possible liability of Lesoing. As to her, Muckey's petition alleged that she was in possession and control of the subject premises and that she was negligent in not keeping those premises safe and by failing to adequately warn Muckey. Muckey also alleges that his presence upon the subject premises is that of an invitee.

In her amended answer, Lesoing states that she was not at any relevant time an owner or possessor of the subject premises.

The trial court, finding that Lesoing neither occupied nor controlled the subject premises on January 20, granted Lesoing's motion for summary judgment and dismissed the petition as against her.

At the time of the accident Dittoe was the sole owner of the subject premises. Lesoing maintained a separate residence at

another address in Lincoln.

When Dittoe was shopping for a house, he and Lesoing looked at the J Street residence together. Yet, Lesoing made no monetary contributions either for the purchase of Dittoe's home or to help with payment of any of the utility charges.

Dittoe did all of the yard work. He did his own snow shoveling and had shoveled the driveway on the morning of January 20. When asked if she ever shoveled the snow off Dittoe's driveway or sidewalk, Lesoing responded: "Not to my knowledge. I could have, I don't know. . . . If it was there I would have shoveled it if Doug wasn't home, but not to my knowledge."

In regard to interior work at the premises, Lesoing noted that she "might have helped him paint rooms or something like that" and that she probably did some cleaning. As to her cleaning, Dittoe commented that she did "very little."

The freezer was purchased for the use of both Dittoe and Lesoing, although Lesoing selected and paid for it. Dittoe knew that the freezer was to be delivered to his residence, but both he and Lesoing believed that the freezer would be delivered on Saturday, January 23, 1988. Dittoe intended to be home that Saturday to take delivery.

Lesoing has a key to Dittoe's house. She stayed overnight at Dittoe's home about three times a week. She would also go to his home at times when he was not there. In fact, she was free to come and go as she desired. However, the night before the accident, she was at her own residence, and the first time she was at the subject premises the day of the accident was after she was called at work by the delivery people about the fact that no one was home when the delivery was first attempted. She then went to the Dittoe home, met the delivery crew, and accepted delivery of the freezer.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or as to the ultimate inferences which may be drawn from the material facts, and the moving party is entitled to judgment as a matter of law. *Peterson v. Don Peterson & Assoc. Ins. Agency*, 234 Neb. 651, 452 N.W.2d 517 (1990). In appellate review of a

summary judgment, the court reviews the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Peterson, supra.*

Actually, there is no dispute as to the facts. There is no indication that Lesoing was either the owner of or in control of the premises.

In *Kliewer v. Hall Constr. Co.*, 229 Neb. 867, 872, 429 N.W.2d 373, 377 (1988), this court said:

> "Ordinarily a person who is not the owner and is not in control of property is not liable for negligence with respect to such property." 65 C.J.S. *Negligence* § 94 at 1051 (1966). [Citation omitted.] "[T]he person in possession of property ordinarily is in the best position to discover and control its dangers, and often is responsible for creating them in the first place." Prosser and Keeton on the Law of Torts, *Owners and Occupiers of Land* § 57 at 386 (5th ed. 1984).

Quoting *Wilson v. North Central Gas Co.*, 163 Neb. 664, 80 N.W.2d 685 (1957), we observed again in *Kliewer, supra* at 872, 429 N.W.2d at 377, that it is " 'indispensable to any recovery . . . that appellant show by evidence that appellee was at the time of the accident in control of the premises upon which appellant was injured. . . .' "

Finally, in distinguishing a case relied upon by the plaintiff in *Kliewer*, *Isler v. Burman*, 305 Minn. 288, 232 N.W.2d 818 (1975), this court relied on Restatement (Second) of Torts § 328E (1965), which defines a possessor of land as

> (a) a person who is in occupation of the land with intent to control it or
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

The Restatement, *supra* at 170.

Muckey has failed to establish that Lesoing fell within any of the three Restatement categories or in any manner exhibited a

degree of control or possession of the subject premises which would justify holding Lesoing liable under these circumstances.

The district court was correct in granting summary judgment, and that judgment is affirmed.

AFFIRMED.