FIRST CORPORATE FINANCE, INC., A NEBRASKA CORPORATION, APPELLANT, STANLEY MORRELL & COMPANY, A NEBRASKA CORPORATION, APPELLEE, V. THOMPSON H. ROGERS, AN INDIVIDUAL, ET AL., APPELLEES.

467 N.W.2d 853

Filed April 5, 1991.   No. 89-003.

H. Daniel Smith, of Sherrets & Smith, for appellant.

Gerald P. Laughlin and Steven D. Davidson, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellees Rogers and Rogdale.

HASTINGS, C.J., WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from an order of the district court for Douglas County which sustained defendants' motion for summary judgment and dismissed plaintiffs' petition. We affirm.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or as to the ultimate inferences which may be

drawn from the material facts and the moving party is entitled to judgment as a matter of law. *Rosnick v. Dinsmore*, 235 Neb. 738, 457 N.W.2d 793 (1990); *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990); *Muckey v. Dittoe*, 235 Neb. 250, 454 N.W.2d 682 (1990). The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Wilson v. F & H Constr. Co.*, 229 Neb. 815, 428 N.W.2d 914 (1988).

*Mason State Bank v. Sekutera*, 236 Neb. 361, 370, 461 N.W.2d 517, 523 (1990).

The plaintiffs alleged in their petition that the defendants, Thompson H. Rogers and Rogdale, Inc., a Nebraska corporation, engaged their services for the sale and purchase of an ongoing wholesale distribution business. Plaintiffs further alleged that through their effort, defendants acquired part of Truesdell Distributing, a wholesale distributor of "white goods and brown goods," presumably appliances and hardware items. These allegations are disputed by defendants.

The basis for defendants' motion for summary judgment is the Nebraska Real Estate License Act, Neb. Rev. Stat. §§ 81-885.01 et seq. (Reissue 1987). Sections 81-885.01 to 81-885.06 generally define real estate brokers, associate brokers, and salespersons. Section 81-885.02 provides as follows:

After September 2, 1973, it shall be unlawful for any person, directly or indirectly, to engage in or conduct, or to advertise or hold himself or herself out as engaging in or conducting the business, or acting in the capacity, of a real estate broker, associate broker, or real estate salesperson within this state without first obtaining a license as such broker, associate broker, or salesperson, as provided in

sections 81-885.01 to 81-885.48, unless he or she is exempted from obtaining a license under section 81-885.04.

Section 81-885.06 provides that "[n]o action or suit shall be instituted, nor recovery be had, in any court of this state by any person for compensation for any act done or service rendered, the doing or rendering of which is prohibited . . . to other than licensed brokers, licensed associate brokers, or licensed salespersons."

It is established in the record that among the assets to be transferred from Truesdell to a prospective buyer was a leasehold interest in certain warehouse property, which asset's sale was actively negotiated by plaintiffs.

Section 81-885.01 provides that "[r]eal estate shall mean and include . . . leaseholds." It is also conceded that no principal or employee of plaintiffs who engaged in the negotiations was a person licensed under the act or a person exempt from the requirement of licensure.

This case is governed by *Ford v. American Medical International*, 228 Neb. 226, 422 N.W.2d 67 (1988). Therefore, the trial court was correct in sustaining the motion for summary judgment and in dismissing the petition.

AFFIRMED.

CAPORALE, J., not participating.