DENNY D. PETERSON AND NANCY K. PETERSON, APPELLANTS, V. CORNHUSKER CASUALTY COMPANY ET AL., APPELLEES.

469 N.W.2d 553

Filed May 24, 1991.   No. 89-064.

Richard L. Kuhlman, of Kuhlman Law Office, and John G. Tomek, of Tomek & Tomek, for appellants.

William H. Selde, of Sodoro, Daly & Sodoro, for appellee Cornhusker Casualty Co.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Denny D. and Nancy K. Peterson filed suit in Dodge County District Court against the insurance company, its agent, and other parties to collect on an insurance policy which covered property the Petersons had sold on a land contract. They now appeal the grant of summary judgment to the defendants-appellees. We affirm.

In May 1985, the Petersons entered into a contract to sell their home in North Bend, Nebraska, to Robert Mullally. Along with the sale, the Petersons and Mullally executed an

assignment of the contract of insurance to Mullally and executed a contract of sale endorsement to the insurance policy, which purported to give the Petersons an insurable interest in the property. The assignment provided that the policy would cover a single-family owner-occupied dwelling and that the named insured in the policy declarations was Mullally.

Mullally paid the remainder of the premium due to keep the policy in force from May 15, 1985, to January 10, 1986. When the policy expired, it was renewed by the agency for the term of 1 year from January 10, 1986, to January 10, 1987. The premium of $101, which provided $12,000 coverage for the dwelling and $6,000 coverage for personal property, was prepaid by representatives of the agency on behalf of Mullally.

The agency notified Mullally on January 8, 1987, that the policy had lapsed because he had not paid for the previous year's coverage. Mullally was told that he could renew the policy by paying the back premium and 50 percent of the new premium. Mullally apparently took no action, and on March 23, 1987, the home was damaged by fire.

The Petersons brought suit against the insurance company, Cornhusker Casualty Company; the agency, Wolf Insurance Agency, and its owners; the agent, Steve Grueber; the Petersons' mortgagee, Equitable Federal Savings and Loan Association of Fremont; and the vendee, Mullally. The demurrers of the agency and its owners, the agent, and the bank were sustained, and the motion for summary judgment by Cornhusker was granted and the petition dismissed. The Petersons do not appeal from the dismissal of the action as to the sustaining of the demurrers of these parties, but appeal only the grant of summary judgment for Cornhusker.

> "A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with affidavits, show there is no genuine issue as to any material fact or as to the ultimate inferences which may be drawn from the material facts and the moving party is entitled to judgment as a matter of law. *Rosnick v. Dinsmore*, 235 Neb. 738, 457 N.W.2d 793 (1990); *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990); *Muckey v. Dittoe*, 235 Neb. 250, 454 N.W.2d 682

(1990). . . ."

*First Corporate Fin. v. Rogers*, 237 Neb. 727, 727-28, 467 N.W.2d 853, 854 (1991), quoting *Mason State Bank v. Sekutera*, 236 Neb. 361, 461 N.W.2d 517 (1990).

The Petersons contend that they were named insureds of the policy and held an insurable interest in the property based on the contract of sale clause appended to the insurance policy. As such, they argue that they were not given the required notice of the cancellation of the policy and were not able to obtain other coverage prior to the fire. The Petersons assert that they "relied upon the Defendant notifying them if the premium was unpaid." Brief for appellants at 10.

However, as Cornhusker points out, there is no provision in the policy which entitles the Petersons to notice of the expiration. The policy has a provision which provides that the mortgagee shall be given 10 days' notice if the policy is canceled by the company, but we are not dealing here with a cancellation. As the Missouri Court of Appeals has stated, cancellation means the "termination of a policy prior to the expiration of the policy period by act of one or all of the parties," while termination means "expiration of the policy by lapse of the policy period." *Waynesville Security Bank v. Stuyvesant Ins. Co.*, 499 S.W.2d 218, 220 (Mo. App. 1973). The court held that a policy which was in force for 12 months terminated or expired by the lapse of the policy period.

> No duty rests upon an insurer to notify the insured of the expiration date of his policy, or of its intention not to renew the policy, unless such notice is required by agreement of the parties or by statute, or unless the insurer has by custom or course of dealing with the particular insured led him to believe such notice would be given.

*Waynesville Security Bank, supra* at 222.

We have been provided no evidence of an arrangement, custom, or course of dealing which would place a duty on Cornhusker to notify the Petersons of the policy's expiration date. "[N]either the insurer nor its agent has a legal duty to give notice of the expiration of a policy, generally on the cogent ground that the insured is charged with knowledge of the expiration date stated in the policy." *Citta v. Camden Fire*

*Insurance Assoc., Inc.*, 152 N.J. Super. 76, 78, 377 A.2d 779, 780 (1977).

As we have earlier noted: "[A] custom to renew, even if established, does not bind the insurer unless it is also binding upon the insured. There must be a contract to renew as distinguished from a mere custom." *Siewerdsen v. United States F. & G. Co.*, 184 Neb. 870, 872, 173 N.W.2d 27, 28 (1969).

The policy also included a provision that the named insured would be given 30 days' notice if the company elected not to renew. We do not find that Cornhusker elected not to renew, but that the policy lapsed and that Mullally chose not to renew by his failure to pay the premiums for 1986-87 and 1987-88. The plaintiffs have provided no evidence that Cornhusker made the determination not to renew which would invoke the duty to give the named insured 30 days' notice of the policy's expiration date.

The Iowa Supreme Court has held that when the policy language defines the policy period as a definite and specific term, the policy automatically expires at the end of that term, and no notice is required. *First Nat. Bank in Sioux City v. Watts*, 462 N.W.2d 922 (Iowa 1990). In that case, the court found that the bank did not have an automatic termination provision, nor was it given the opportunity to renew, but it did have the declaration page of the policy which clearly specified the date of the end of the policy period.

> Where there is a clearly stated expiration date, the insured is charged with knowledge of it. . . .
>
>  . . . .
>
>  . . . [A]bsent a policy or statutory provision to the contrary, an insurer is under no inherent duty to notify a loss payee of the policy's expiration date or that the insured has failed to renew.

*First Nat. Bank in Sioux City, supra* at 927.

The agreement for the sale of real estate entered into between the Petersons and Mullally also contained a provision concerning insurance:

> It is agreed the Buyer shall maintain insurance on the premises for loss against storm, wind, fire and other losses

in an amount not less than Twelve Thousand Dollars ($12,000.00), loss payable to the parties hereto as their interests appear. Said Buyer shall furnish a certificate of said insurance to the Sellers not less than annually.

This agreement was signed by the parties on May 8, 1985. There is no evidence that Mullally ever supplied the necessary certificate of insurance prior to the fire on March 23, 1987, or that the Petersons ever inquired about the insurance. They suggest that they were always willing and able to pay the premium on demand by Cornhusker, but there is no provision which requires Cornhusker to make that demand.

We agree with the defendant's assertion that the provisions, conditions, terms, and definitions in the contract clearly provide that if Cornhusker had determined that it would not renew the policy, then any notice sent 30 days before expiration would have been issued to Mullally. The named insured on the declarations page is Mullally, and the named mortgagee is Equitable Federal Savings and Loan. As we noted in *Reserve Ins. Co. v. Aguilera*, 181 Neb. 605, 608, 150 N.W.2d 114, 117 (1967), "Courts are ordinarily reluctant to hold that third persons have higher rights under a policy of insurance than the insured in the absence of express contractual or statutory provisions."

We agree with the trial court's findings that no genuine issue of material fact remained and that the defendant was entitled to judgment as a matter of law. We affirm the trial court's grant of summary judgment for the defendant.

AFFIRMED.